IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

M29

| | |
|---|---|
| MARIA C. RICHARDS<br>1324 Goswick Ridge Road<br>Midlothian, Virginia 23314<br><br>    Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY<br><br><u>SERVE</u>: Insurance Commissioner for the District<br>       of Columbia<br>       Department of Insurance, Securities,<br>       and Banking<br>       810 First St., NE<br>       Suite 701<br>       Washington, DC 20002<br><br>and<br><br>AMERICAN BACKGROUND/INTERSECTIONS<br>INC. LONG TERM DISABILITY PLAN<br><br><u>SERVE</u>: Plan Administrator<br>       Paracorp Incorporated<br>       12610 Lake Normandy Lane<br>       Fairfax, VA 22030<br><br>    Defendants. | Civil Action No: |

## **COMPLAINT**

1. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. §1132.

2. This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were

1

responsible for providing benefits through employment of the participants of the Plan with subject benefits provided by Defendant who are doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

**Parties**

5. Plaintiff is an adult resident of Midlothian, Virginia.

6. Plaintiff was a plan participant under an employee welfare benefits plan established by her employer, American Background Information Services (Hereinafter "American Background"), doing business in the District of Columbia.

7. Defendant, Intersections, Inc., utilized Defendant, Standard Insurance Company (Hereinafter "Standard"), as the claims administrator and insurer for the plan.

**The Disability Contract**

8. The plan promises to pay benefits if an employee is disabled.

9. Disability in the plan is defined as follows and includes the following subdefinitions:

You are Disabled if you meet one of the following definition during the period it applies:

    A. Own Occupation Definition Of Disability;

    B. Any Occupation Definition Of Disability; or

    C. Partial Disability Definition.

A. Own Occupation Definition Of Disability

During the Benefit Waiting Period and the Own Occupation Period you are required to be disabled only from your Own Occupation.

You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation.

Note: You are not disabled merely because your right to perform your Own Occupation is restricted, including a restriction or loss of license.

During the Own Occupation Period you may work in another occupation while you meet the Own Occupation Definition Of Disability. However, you will no longer by Disabled when your Work Earnings from another occupation meet or exceed 80% of your Indexed Predisability Earnings.

Your Work Earnings may be Deductible Income.

Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Employer when Disability begins. In determining your Own Occupation, we are not limited to looking at the way you perform your job for your Employer, but we may also look at the way the occupation is generally performed in the national economy. If your Own Occupation involves the rendering of professional services and you are required to have a professional or occupational license in order to do your work, your Own Occupation is as broad as the scope of your license.

Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an

average of more than 40 hours per week to be a Material Duty.

B. Any Occupation Definition Of Disability

During the Any Occupation Period you are required to be Disabled from all occupations.

You are Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation.

Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work, regardless of whether you are working in that or any other occupation.

Material Duties means the essential tasks, functions and operations, and the skills abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average or more than 40 hours per week to be a Material Duty.

**Plaintiff's Disability Claim**

10. Plaintiff suffers from fibromyalgia, irritable bowel syndrome, chronic headaches, pain and fatigue, sleep disturbance, memory loss, bilateral median neuropathy, and back pain, among other conditions and impairments.

11. Plaintiff was an employee at American Background, serving as a Director of Software Development at the time she became disabled on or about 2/20/10. Her claim for Long Term Disability Benefits was approved for the Own Occupation period of disability.

12. Her Long Term Disability claim was initially approved but subsequently denied under the Any Occupation Definition of Disability on 6/12/12.

13. Plaintiff acquired the undersigned counsel and filed a timely appeal on 12/4/12,

which included additional medical, functional and vocational evidence.  This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature.  All documents added to this file must be sent in a timely manner for review prior to your decision.**

- **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

14. Standard failed to issue a decision on the appeal and is outside the 90 day deadline to review the appeal.

15. As a result of this failure to timely issue a decision, Plaintiff filed suit in this matter, designated as action 1:14-cv-00107 (KBJ) since the Plaintiff exhausted the plan's reasonable claim procedures, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit to a deemed denial.

16.  A mediation in this matter was held and Following mediation in this case, with the Release dated 7/8/14 was signed by the parties which set forth the following pertinent provision as follows:

> General Release
>
> ...The Parties understand that Richards will continue to seek Policy benefits after June 30, 2014 and the Standard will continue to administer the claim after June 30, 2014, reserving the right to approve or deny the Claim **going forward** in the exercise of the discretion delegated to it by the Policy and Policyholder's Plan. (emphasis added).

17. Consequently, payment was made by the insurer up to the 6/30/14 date as required by the settlement.

18. Subsequent, the insurer sent a letter on 7/22/14 letter stating that it would perform a review "pursuant to an agreement made during mediation."

19. Thereafter, the insurer reviewed the claim and decided to deny the claim as of **6/12/12** in direct contradiction to the Confidential Release they entered into and to which they were bound. and instructed that they had closed the claim file.

20. The Plaintiff, by and through this counsel, sent appeal materials to be reviewed by The Standard who has refused to conduct any further administrative appeal.

21. As the Plaintiff has exhausted the plan's reasonable claim procedures, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit to a deemed denial as it is futile to continue any administrative appeal.

22. Plaintiff is entitled to these benefits under the plan since she has:

   A. Satisfied all conditions to be eligible under the plan; and

   B. Has not waived or otherwise relinquished his entitlement to these benefits.

23. Prior to appealing all claim denials, Plaintiff's counsel sent multiple requests for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq*.

24. Defendants failed to produce all of the documentation requested on all occasions, withholding claims guidelines and file information.

## Requested Relief

25.     Plaintiff requests that this court review the denial of benefits in this case and declare that he is entitled to all benefits under the policy including payment of all back benefits with interest.

26.     Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

27.     Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq.* as a result of the failure of Defendants to produce the documents requested.

28.     Any such other relief the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Scott B. Elkind, Bar 438811
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff